IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAMES LYNDON DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-795-A |
| | § | |
| CHAD JORDAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, James Lyndon Davis, an inmate in the Tulia Unit of the Texas Department of Criminal Justice ("TDCJ"), filed this suit <u>pro se</u> under 42 U.S.C. § 1983, naming as defendant Chad Jordan, who is alleged to be a deputy or detective with the Palo Pinto Sheriff's Department.[1]

I.

The Complaint

Although somewhat difficult to discern, the complaint alleges the following:

On January 24, 2011, defendant made a complaint charging plaintiff with sexual assault in Palo Pinto County, Texas,

---

[1] The complaint does not specify if defendant is named in his official or individual capacity. A suit naming defendant in his official capacity would be tantamount to a suit against Palo Pinto County ("County"). However, plaintiff has alleged nothing in the complaint as would state a claim for relief against County. Accordingly, the court is considering that defendant is named in his individual capacity.

causing a warrant to issue for plaintiff's arrest. On January 24, 2011, defendant had a deputy arrest plaintiff and take him into custody at the Palo Pinto County Jail, where he was searched. Defendant also caused plaintiff to be confined in the Palo Pinto County Jail for sexual assault.

Plaintiff alleged three claims against defendant. First, plaintiff contends that defendant violated his Fourth Amendment right to be free from unreasonable seizure because defendant caused an arrest warrant to issue for the offense of "sexual assault," whereas the indictment later charged plaintiff with "sexual assault of a child."[2] Second, plaintiff claimed that defendant violated his Fourth Amendment right to be free from unreasonable searches, when defendant caused plaintiff to be searched upon his arrival at the Palo Pinto County Jail. Last, plaintiff seems to allege that defendant deprived him of due process of law, for the same reason alleged in claim number one.

II.

Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under

---

[2] Attached to the complaint as exhibits are the arrest warrant and supporting complaint, both dated January 24, 2011; the grand jury indictment file-stamped May 19, 2011; and the cover page of a letter from plaintiff's criminal attorney dated November 30, 2012.

28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989). After considering plaintiff's claims as described in the complaint, the court concludes that they are frivolous and fail to state a claim for relief against defendant.

III.

Analysis

A.  The Rule in *Heck*

In 1994, the United States Supreme Court stated that for a plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, the Supreme Court "unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [§] 1983.'" Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at 487)).

Here, all of plaintiff's claims arise from the arrest warrant, supporting complaint, and his arrest for sexual assault of a child. Records of the TDCJ show that on September 5, 2012, plaintiff was sentenced to fifteen years' imprisonment for sexual assault of a child occurring on November 3, 2010, the same date

4

of offense listed in the arrest warrant and supporting complaint. Plaintiff's primary complaint appears to be that the arrest warrant alleged only "sexual assault," rather than sexual assault of a child. To the extent plaintiff seeks relief on that basis, he has failed to allege or show that an authorized tribunal or executive body has overturned or otherwise invalidated his conviction. Accordingly, his claim 'is not cognizable under [§] 1983.'" Id.

B. <u>Dismissal of All Claims is Warranted on the Merits</u>

Even without regard to the rule in Heck, the court finds plaintiff's claims should be dismissed on the merits.

Plaintiff's first and third claims are premised on the fact that the arrest warrant states plaintiff committed the offense of "sexual assault," whereas the indictment charged plaintiff with "sexual assault of a child." Plaintiff claims this distinction prevented him being able to prepare a proper defense because he did not know, from the arrest warrant, that he was charged with sexual assault of a child under the age of seventeen.

These claims are frivolous. Article 15.02 of the Texas Code of Criminal Procedure states that an arrest warrant "shall be sufficient" if it includes a statement that the person is accused of "some offense" against the laws of the State and names the offense. The purpose of article 15.02 is to "provide the

defendant with notice of the offense for which he is charged." <u>Woods v. State</u>, 14 S.W.3d 445, 449 (Tex. App.--Fort Worth 2000, no pet.). Article 15.02 requires only that the warrant "name" the offense, but does not require that the warrant either define the offense or state its elements. <u>Jones v. State</u>, 568 S.W.2d 847, 853-54 (Tex. Crim. App. 1978) (en banc) (quoting <u>Ellis v. Glascow</u>, 168 S.W.2d 946, 947 (Tex. Civ. App.-- San Antonio 1943, no writ)). "A warrant is a process and not a pleading." <u>Id.</u>

Texas courts have interpreted the notice requirement broadly. For example, a warrant that contained the letters "AG. ROB. SER. INJ." was held sufficient under article 15.02 to inform a criminal defendant that he was charged with the offense of aggravated robbery under the Texas Penal Code. <u>Jones</u>, 568 S.W.2d at 853-54. <u>See</u> <u>also</u> <u>Woods</u>, 14 S.W.3d at 449 (arrest warrant valid, although it did not name offense of burglary, where the supporting affidavit described the specific property that was stolen, named an eye witness, and alleged that defendant entered a habitation to commit theft); <u>Ellis</u>, 168 S.W.2d at 947-48 (holding an arrest warrant adequately named the offense when the warrant accused the defendant of "obtaining board and lodging by trick" even though the warrant failed to include other elements of the offense).

The same result is warranted here. The offense named in the

6

arrest warrant was "sexual assault," while the indictment charged defendant with "sexual assault of a child." The supporting complaint expressly described the conduct leading to the complaint and warrant, which included a report of sexual assault by a student at Mineral Wells High School. Consistent with the authorities cited above, the court concludes that the arrest warrant gave plaintiff sufficient notice that he was accused of "some offense against the laws of the State" as contemplated by article 15.02.

As part of his first claim plaintiff also seems to complain that the arrest warrant was invalid because it was not signed by a magistrate or district or county attorney. Plaintiff relies on Article 15.04 of the Texas Code of Criminal Procedure, which states that "[t]he affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense." Here, the arrest warrant is signed by a Justice of the Peace of Palo Pinto County. Article 2.09 of the Texas Code of Criminal Procedure includes justices of the peace in the definition of "magistrate" for purposes of such code. Accordingly, to whatever extent plaintiff complains that the arrest warrant was invalid because it was signed by a justice of the peace, that claim is meritless.

Plaintiff's second ground for relief--that following his

7

arrest he was searched at the Palo Pinto County Jail--is also frivolous. It is well settled that law enforcement may conduct a full search of an individual following a lawful arrest. United States v. Curtis, 635 F.3d 704, 711 (5th Cir. 2011). Incident to a lawful arrest, officers may also search the arrestee himself, as well as any containers or other objects on the arrestee's person or within his reach at the time of arrest. Id. at 711-12. "A search is incident to an arrest for 'as long as the administrative processes incident to the arrest and custody have not been completed.'" Id. at 712 (footnote and citation omitted). Stated differently, a search that officers could have conducted "on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention." Id. (footnote omitted) (quoting United States v. Edwards, 415 U.S. 800, 803 (1974)).

Such is the situation described in the complaint. Plaintiff claims he was searched at the jail following his arrest. The deputy who arrested plaintiff could have lawfully searched plaintiff and any items in his possession at the time of arrest without waiting until they arrived at the jail. The search of plaintiff at the county jail immediately following his arrest remained a search incident to arrest, and does not constitute a violation of plaintiff's Fourth Amendment rights.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, James Lyndon Davis, against defendant, Chad Jordan, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED October 11, 2013.

_____
JOHN McBRYDE
United States District Judge